IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>SHARON M. THOMPSON,<br><br>      Defendant. | 8:21-CR-270<br><br><br>**ORDER HOLDING CRIMINAL**<br>**JUDGMENT IN ABEYANCE** |

  This matter comes before the Court following a sentencing hearing on February 8, 2023, as to defendant Sharon M. Thompson. As part of her plea agreement with the Government, Thompson admitted to the forfeiture allegations in the Indictment. Filing 55 at 1. At the very end of the sentencing, the Government requested that the Court orally order forfeiture as part of Thompson's sentence pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(B). In reliance on the Government's specific request, the Court included forfeiture when orally announcing Thompson's sentence.

  The Court has now discovered that the Government's request violated applicable rules by never moving for entry of a preliminary order of forfeiture prior to sentencing. This is a significant mistake on the Government's part. Rule 32.2(b)(2)(B) requires a preliminary order of forfeiture "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant" at sentencing. Fed. R. Crim. P. 32.2(b)(2)(B); *see also* *United States v. Christensen*, No. 4:12CR3044, 2012 WL 5354745, at *1 (D. Neb. Oct. 29, 2012) (noting that the motion for a preliminary order of forfeiture was not filed prior to sentencing, as required by Rule 32.2(b)(2)). In *United States v. Shakur*, the Eighth Circuit Court of Appeals held that the district court's failure to enter a preliminary order of forfeiture in

1

accordance with Rule 32.2(b)(2) was reversible error because it deprived the defendant of "a meaningful opportunity to contest the deprivation of property rights, as due process required." 691 F.3d 979, 989–90 (8th Cir. 2012). As another judge in this district has observed, "Failing to enter a preliminary order of forfeiture prior to sentencing is not merely a technical violation of Rule 32.2, but goes to the fundamental procedural due process requirement that defendants 'receive adequate notice and procedures to contest the deprivation of property rights that result from criminal forfeiture . . . .'" *Christensen*, 2012 WL 5354745, at *3 (internal quotation marks omitted) (quoting *Shakur*, 691 F.3d at 988).

To correct this error, the Court will proceed as follows.[1] Under Federal Rule of Criminal Procedure 35(a), a district court may within 14 days of sentencing "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Sentencing occurred on February 8, 2023—one day prior to the date of this order—so the deadline under Rule 35(a) will not pass until February 22, 2023. To stay within the time parameters of Rule 35(a), and to avoid vacating the defendant's sentence and holding another hearing, the Court will order that the Government move to enter a preliminary order of forfeiture by 5:00 p.m. on Thursday, February 9, 2023. The motion should specify the property to be included in the preliminary order of forfeiture and meet all the other requirements of Rule 32.2. If the Court decides to enter a preliminary order of forfeiture, the parties will have two days to suggest revisions or modifications pursuant to Rule 32.2(b)(2)(B). Such amount of time is reasonable given that the forfeiture is uncontested and the defendant admitted to the forfeiture allegations as part of her plea agreement. Once that time has passed, the Court will enter an order stating that the preliminary order of forfeiture has now become final as to the defendant and file the criminal judgment. Until then, the

---

[1] The Court notes that, in the future, it expects the Government to follow the process outlined in Federal Rule of Criminal Procedure 32.2 when seeking forfeiture.

Court's order of forfeiture pronounced orally at sentencing and the criminal judgment are held in abeyance. If the defendant has any objections to this procedure, she must file any objections by 5:00 p.m. on Thursday, February 9, 2023. Accordingly,

IT IS ORDERED:

1. The order of forfeiture pronounced orally at sentencing and the criminal judgment are held in abeyance;

2. The Government shall move to enter a preliminary order of forfeiture by 5:00 p.m. on Thursday, February 9, 2023, as outlined in this order; and

3. The parties will have two days from the filing of any preliminary order of forfeiture to suggest revisions or modifications pursuant to Rule 32.2(b)(2)(B).

Dated this 9th day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge